CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 22 2016

JULIA C. DUDLEY, CLERK
BY:
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STANLEY EDWARD JAMISON,<br>Plaintiff, | ) Civil Action No. 7:15-cv-00098<br>)<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| T. TAYLOR, et al.,<br>Defendants. | ) By:  Hon. Michael F. Urbanski<br>)       United States District Judge |

Stanley Edward Jamison, a federal inmate proceeding pro se, filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), naming four staff of the United States Penitentiary in Lee County, Virginia ("USP Lee"), as defendants.[1] Plaintiff alleges that defendants used or allowed the use of excessive force on him three times on April 28, 2013, in violation of the Eighth Amendment. Defendants filed a motion for summary judgment with a video recording, and Plaintiff responded, making the matter ripe for disposition.[2] After reviewing the record, the court denies defendants' motion for summary judgment due to disputes of material facts.[3]

A prisoner alleging excessive force in violation of the Eighth Amendment must show that a defendant "inflicted unnecessary and wanton pain and suffering." Whitley v. Albers, 475 U.S. 312, 320 (1986); see Wilson v. Seiter, 501 U.S. 294, 298 (1991) (holding that an Eighth Amendment claim for excessive force requires an objective deprivation of a basic human need and that prison officials subjectively acted with a sufficiently culpable state of mind). Therefore,

---

[1] Defendants construed the complaint as alleging a claim pursuant to the Federal Tort Claims Act ("FTCA"), and Plaintiff objected, noting he filed the complaint pursuant to only Bivens. The court agrees with Plaintiff and does not construe an FTCA claim from the complaint.

[2] The video recording has footage probative of only the first claim of excessive force. There was no footage of the second or third incident.

[3] Plaintiff alleges that the "John Doe" defendant is liable as a bystander to the first and second alleged uses of excessive force. After the identified defendants filed a motion for summary judgment, Lieutenant Keith Martin filed an affidavit in support of the identified defendants' motion for summary judgment, acknowledging his awareness of the claims about events in which he participated and conceding he was the "John Doe" described in the complaint. In accordance with Federal Rule of Civil Procedure 21, Lt. Martin is substituted for "John Doe."

the proper inquiry is whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. The subjective component encompasses such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates reasonably perceived by responsible officials, and any efforts made to temper the severity of a forceful response.[4] Id. at 321. A correctional officer may be liable on a theory of bystander liability if the correctional officer: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall v. Prince George's Cnty., Md., 302 F.3d 188, 204 (4th Cir. 2002); see Willis v. Oakes, 493 F. Supp.2d 776, 784 (W.D. Va. 2007) (noting a plaintiff must prove a violation of a constitutional right as a prerequisite to establishing bystander liability).

Disputes of material facts preclude qualified immunity[5] and summary judgment[6] for all three alleged instances of excessive force. The video recording reveals that the first alleged use

---

[4] Thus, "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid [Eighth Amendment] excessive force claim." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). Courts recognize that corrections officials must act "in haste, under pressure, and frequently without the luxury of a second chance." Whitley, 475 U.S. at 320. Consequently, the court must give prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Hudson v. McMillian, 503 U.S. 1, 7 (1992).

[5] The doctrine of qualified immunity permits "government officials performing discretionary functions . . . [to be] shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity balances "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). The court considers two questions to resolve qualified immunity: whether the undisputed facts show that the government official's actions violated the plaintiff's constitutional rights, and whether the right at issue was "clearly established" at the time of the events. See, e.g., id. at 236; see also Anderson v. Creighton, 483 U.S. 635, 640 (1987) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.").

[6] A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts

2

of excessive force occurred inside a prison hallway toward the special housing unit ("SHU").[7] Correctional officer ("C/O") Taylor held Plaintiff's left arm, and Lt. Briggs held Plaintiff's right arm while Plaintiff's hands were cuffed behind his back. Lt. Martin and Case Manager Danny Lane were walking behind C/O Taylor, Lt. Briggs, and Plaintiff. As everyone was walking down the hall, Plaintiff calmly looked to the left in response to one of the defendant's statements to him, and C/O Taylor and Lt. Briggs immediately slammed Plaintiff up against the wall, bouncing Plaintiff's head off the concrete wall. These two defendants continued to push Plaintiff's face along the wall and into an intersecting concrete wall.

After a brief pause, C/O Taylor, Lt. Briggs, Lane, and Plaintiff entered a vestibule at the end of the hallway. C/O Taylor and Lt. Briggs allegedly lifted Plaintiff off his feet and rammed the left side of his forehead into a concrete wall while Lane and Lt. Martin watched. Defendants deny these allegations.

C/O Taylor, Lt. Briggs, and Lane then escorted Plaintiff to a recreation cage where C/O Taylor and Lt. Briggs allegedly slammed Plaintiff's knees to the ground and C/O Taylor allegedly slammed Plaintiff's head onto the concrete floor. Defendants also deny these

---

are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). Similarly, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

[7] The parties had interacted on the prison yard before they entered the hallway. Although the parties dispute the exact details of those interactions, the disputes are not material to the resolution of the claims.

3

allegations. The nurse's medical examination revealed that Plaintiff suffered two visible injuries: an abrasion on his right knee and a swollen area on the left side of his forehead.

Viewing the evidence in a light most favorable to Plaintiff, a reasonable trier of fact could conclude that defendants are liable for violations of Plaintiff's Eighth Amendment right to be free from excessive force, which was a right clearly established before the alleged events. See, e.g., Carlson v. Green, 446 U.S. 14, 23-24 (1980); Williams v. Calton, No. 7:10-cv-75, 2011 U.S. Dist. LEXIS 45237, at *14, 2011 WL 1598775, at *5 (W.D. Va. Apr. 27, 2011) ("In this case, the court cannot agree with [the defendant] that he did not have 'fair warning' that slamming a balking but otherwise unresisting and handcuffed inmate against the wall and then head-first into the floor constituted excessive force." (citing Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008); Rainey v. Conerly, 973 F.2d 321, 324 (4th Cir. 1992); Pritchett v. Alford, 973 F.2d 307, 314 (4th Cir. 1992))).

A reasonable trier of fact could find that Plaintiff was not a threat to defendants or institutional security and, thus, there was no need for the force Plaintiff describes.[8] For the first instance, Plaintiff admittedly turned his head to the left during the escort in a hallway immediately before he was pushed up against the wall. However, a jury could find that the force was excessive in light of Plaintiff's innocuous leftward glance, and Plaintiff did not create any cause or reason for C/O Taylor and Lt. Briggs to use the alleged force in the vestibule or recreation cage. As a result of the alleged force, Plaintiff's head was bounced off the wall, his face was pushed down the wall until his face was smacked into an intersecting concrete wall, his knees were slammed onto a concrete floor, and his face, again, was pushed down onto a concrete

---

[8] Defendants argue that Plaintiff is a member in a prison gang, an allegation Plaintiff disputes. Regardless of the dispute, there is nothing in the record suggesting that defendants believed Plaintiff was in a prison gang at that time.

4

floor. Defendants could have avoided a forceful response in the hallway by merely telling Plaintiff to look forward, just as they admittedly had done earlier during the escort, and there was no apparent threat or need for such force in the vestibule or recreation cage. Although not determinative, the injuries Plaintiff suffered from the alleged uses of excessive force – a swollen forehead and scraped knee – are relevant to Whitley. These injuries, even if categorized as "minor," do not require summary judgment in favor of defendants; Plaintiff does not "lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 559 U.S. at 38.

For the foregoing reasons, Plaintiff states a violation of an Eighth Amendment right clearly established before the alleged events on April 28, 2013, but disputes of material fact require resolution by trial. Accordingly, defendants' motion for summary judgment is denied.

ENTER: This 22nd day of February, 2016.

/s/ Michael F. Urbanski
United States District Judge

5